Dear Ms. Norton:
This office is in receipt of your request for an opinion of the Attorney General in regard to a municipal election where the governing authority has adopted a reapportionment plan which has not yet been submitted to the U.S. Department of Justice for preclearance. You indicate the election is to be held on April 6, 2002, with qualifying to be held on February 13-15, 2002. Accordingly, you ask the following:
 What is the Secretary of State's duty with regards to holding the municipal elections for Mayor, Chief of Police or councilmen for the City of Winnsboro if the City of Winnsboro's reapportionment plan has not received preclearance by the opening of qualifying on February 13, 2002?
We find in Atty. Gen. Op. 91-442 the Secretary of State requested an opinion asking, "What is the Secretary of State's duty with regards to holding parish police jury elections and legislative elections in which reapportionment plans have been submitted to the U.S. Justice Department for preclearance, but such plans have either been objected to or have not received preclearance by qualifying on September 3, 1991?" This office responded in part as follows:
 In conclusion, it is the opinion of this office that it is the secretary of state's duty to conduct the 1991 Gubernatorial Elections and such elections shall be conducted on reapportionment plans that receive preclearance by the U.S. Justice Department prior to qualifying September 3rd, 1991. Furthermore, if reapportionment plans, either legislative, parish police jury, or BESE plans, are not approved prior to qualifying, then candidates shall qualify to run from the old district or those prior to reapportionment, unless a court shall issue an order to the contrary.
There were subsequent opinions rendered in response to this inquiry wherein the office pointed out that it had contacted the United States Department of Justice requesting expeditious consideration of more than 40 parish reapportionment plans which had been submitted for preclearance. It was stated in Atty. Gen. Op. 91-442(A) in the event parish governing bodies notify the Secretary of State that there is no valid and effective reapportionment plan upon which an election may be held, he may decline to accept qualifying papers from persons seeking to qualify as candidates for election to positions on that governing body, and decline to prepare the ballot.
Thereafter, this office rendered Atty. Gen. Op. 91-442(B) wherein it stated by contact with the United States Department of Justice on the status of the reapportionment plan for BESE it was informed that it would not render a decision on the BESE reapportionment plan prior to candidate qualifying. This office stated where there was no valid and effective reapportionment plan upon which an election could be held, the Secretary of State could decline to accept qualifying papers from persons seeking to qualify as candidates for election to position on the BESE board, and decline to prepare a ballot. It was reiterated that such an election would be a futile exercise because any candidate or citizen could successfully challenge the election. It was then stated, "Elections would have to be scheduled at the next available election date provided by R.S. 18:402."
Subsequently, in Atty. Gen. Op. 91-672 it was again stated that "it would be unlawful for the Secretary of State to enforce any parish governing authority's reapportionment plans unless the plan had been precleared prior to qualifying." When certified to the Secretary of State that no valid apportionment plan exists, the Secretary of State is not required to conduct the elections. The opinion further explained if the election is not conducted as regularly scheduled, the incumbents would remain in office until a successor is sworn into office and the election would have to be scheduled at the next available election date provided by statute.
Again in Atty. Gen. Op. No 92-105 this office declared that it is unlawful to enforce a change with respect to voting prior to Justice Department preclearance. It noted that elections shall only be scheduled as provided by R.S. 18:402, having found no provision of law for elections to be held any earlier than the next available election date, unless a court issues an order to the contrary.
Therefore, upon certification that no valid apportionment plan exists, you may decline to conduct the election. However, the governing authority should proceed forthwith to remedy the situation by submitting the reapportionment plan, and Atty. Gen. Op. 01-343 is attached wherein this office discussed the time for examining and completing reapportionment plans. When plans are precleared, the election would be scheduled at the next available election date provided by R.S. 18:402.
We hope this sufficiently answers your inquiry.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
cc: Commissioner of Elections